UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY JEROME WALKER,

    Petitioner,

v.                                Case No. 4:21-cv-412-MW-MJF

FLORIDA COMMISSION ON
OFFENDER REVIEW,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Jeffrey Jerome Walker, proceeding *pro se*, has filed a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 12. Respondent ("the Commission") answered, providing relevant administrative and state-court records. Doc. 19. Walker replied. Doc. 21. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that the second amended petition should be denied.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background Facts and Procedural History

Walker is a parole-eligible inmate in the custody of the Florida Department of Corrections. Walker is serving a life sentence for First-Degree Murder and Attempted First-Degree Murder imposed in Hillsborough County Circuit Court Case No. 80-5243. Doc. 19, Ex. A.[2]

On March 31, 2004, the Commission initially established Walker's Presumptive Parole Release Date ("PPRD") as June 23, 2035, and set Walker for a subsequent interview date within 5 years, during the month of November 2008. Ex. B.

On January 14, 2009, the Commission extended Walker's PPRD by 12 months based on unsatisfactory institutional conduct as evidenced by a processed disciplinary report. Ex. C. The Commission re-established Walker's PPRD as June 23, 2036, and set Walker for a subsequent interview date within 5 years, during the month of September 2013. *Id*.

On October 16, 2013, the Commission determined that Walker's PPRD should remain the same. Ex. D. The Commission set Walker for a subsequent interview date within 7 years, during the month of July 2020. *Id*.

---

[2] Hereafter, all citations to exhibits are to those attached to the Commission's answer. Doc. 19.

On September 30, 2020, the Commission extended Walker's PPRD by 24 months based on unsatisfactory institutional conduct as evidenced by multiple disciplinary reports. Ex. E. The Commission re-established Walker's PPRD as June 23, 2038, and set Walker for a subsequent interview date within 7 years, during the month of May 2027. *Id*.

Walker initiated this federal habeas proceeding on September 20, 2021. Doc. 1. Walker is challenging the Commission's 2020 establishment of his PPRD, and its setting his subsequent interview date for 7 years in the future instead of 2 years. Walker's second amended petition raises five claims:

**Ground One**: The Commission abused its discretion and violated Walker's due process rights by considering disciplinary convictions from 2014 and 2018, because the disciplinary hearing records "lack any competent, persuasive evidence." Doc. 12 at 22.

**Ground Two**: The Commission abused its discretion and violated Walker's due process rights when by considering the 2014 and 2018 disciplinary convictions "as good cause in exceptional circumstances," because the disciplinary reports were "unverified" and failed to contain "credible information." *Id*. at 22.

**Ground Three**: The Commission abused its discretion and violated Walker's due process rights by disregarding "favorable old information" that "proves Walker's rehabilitation." *Id*. at 23.

**Ground Four**: The Commission abused its discretion and violated Walker's due process rights by "us[ing] the same inherent components . . . of Walker's crime 4 times" to deny Walker "proper consideration for a less than seven-year subsequent interview." *Id*. at 23.

**Ground Five**: The Commission abused its discretion and violated Walker's due process rights by "disregard[ing] all new current information" in denying a subsequent parole interview within 2 years. *Id*. at 23-24.

The Commission asserts that Walker is not entitled to habeas relief because (1) he failed to exhaust his state-court remedies; (2) his petition does not raise any issue of federal constitutional dimension and instead raises purely state-law matters that are not cognizable on federal habeas review; and (3) the Commission properly exercised its discretionary authority when it extended Walker's PPRD and set his next parole interview. Doc. 19.

This court need not address the exhaustion issue, because the Commission's second defense is dispositive of this action. Walker's second amended petition fails

to state a plausible federal constitutional violation concerning the setting of his PPRD and subsequent parole interview.

## II. RELEVANT LEGAL PRINCIPLES

### A. Claims Cognizable on Federal Habeas Review

Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotations and citations omitted)); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Barclay v. Florida*, 463 U.S. 939, 958–59 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." (citations omitted)).

Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting

*Carrizales v. Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

**B.    Challenges to State Parole Decisions**

To establish a violation of the Due Process Clause, a petitioner must have been deprived of a liberty interest created by the United States Constitution or by a state. *See Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991). In *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979), the Supreme Court held that there is no constitutional or inherent right to parole, and that administrative decisions, however serious their impact, do not automatically invoke due process protection. 442 U.S. at 7; *see also Monroe*, 932 F.2d at 1441.

The Eleventh Circuit has confirmed that "Florida statutes do not create a liberty interest in parole, because the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute." *Walker v. Fla. Parole Comm'n*, 299 F. App'x 900, 902 (11th Cir. 2008) (citing *Staton v. Wainwright*, 665 F.2d 686, 688 (5th Cir. Unit B 1982)). The court explained in *Staton*:

> Much of the Florida statutory scheme [concerning parole] is written in mandatory terms. That language, however, is qualified by the exercise of the Commission's discretion. The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters committed ultimately to the discretion of the Commission. Even if the inmate's conduct has been satisfactory, Florida law specifically grants the Commission the power to authorize the effective parole release date or to deny or delay release.
>
> Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes.

*Staton*, 665 F.2d at 688; *Hunter v. Fla. Parole & Prob. Comm'n*, 674 F.2d 847, 848 (11th Cir. 1982) ("The former Fifth Circuit has held . . . that no liberty interest in parole was created by the Florida statutes. We agree." (citing *Staton*)); *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986) (reiterating that "[t]here is no constitutional right to parole in Florida.").

Likewise, the Commission's setting of a PPRD does not implicate a liberty interest or invoke due process protection. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932 (11th Cir. 1986); *Hunter*, 674 F.2d at 848 (holding that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated prisoner's PPRD); *see also Walker*, 299 F. App'x at 902 ("There is no liberty interest in the calculation of Florida's 'presumptive parole release date,' . . . because the ultimate parole decision is a matter

of Commission discretion."). "Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." *Slocum v. Ga. State Bd. of Pardons & Paroles*, 678 F.2d 940, 941 (11th Cir. 1982); *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995) (same).

Although the Eleventh Circuit once found that a state parole board's admitted use of false information was arbitrary and capricious and, thus, violated the Due Process Clause, *Monroe*, 932 F.2d at 1442, the Eleventh Circuit has since clarified that "prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim. Without evidence of the Board's reliance on false information, a prisoner cannot succeed." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001). *Compare Jones*, 279 F.3d at 946 (dismissing prisoner's due process claim because prisoner did not come forward with any false information relied upon by the Board), *and Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) ("[A]bsent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts."), *and Slocum*, 678 F.2d at 941 (prisoner failed to state a due process claim by simply asserting that the parole board considered erroneous information or inaccurate reports during parole consideration), *and Nyberg v. Crawford*, 290 F. App'x 209,

211 (11th Cir. 2008) (habeas petitioner's "right to due process was not violated as he failed to show that the Parole Commission knowingly relied upon false information to set his PPRD."); *with Monroe, supra, and Damiano*, 785 F.2d at 932 (finding that inmate "raised a colorable due process claim with respect to the use of procedurally flawed disciplinary reports in modifying a PPRD," where inmate alleged that he was not allowed to present evidence, to call witnesses, or to review or rebut investigative report, and that he was not informed of the evidence used in support of the disciplinary reports).

### III. DISCUSSION

In this case, Walker does not allege, much less demonstrate, that the Commission knowingly and intentionally used false information. Concerning the disciplinary convictions, Walker does not allege that the evidence that he disrespected an official in 2014, and that he destroyed state property in 2018, was false. He merely challenges the weight and sufficiency of the evidence that supported the disciplinary convictions. Doc. 12 at 22.[3] Similarly, none of Walker's

---

[3] Walker challenged the 2014 and 2018 disciplinary convictions in a prior federal habeas action. *See Walker v. Inch*, No. 4:19-cv-70-MW/EMT. This District Court dismissed the petition as moot. *See Walker v. Inch*, 2019 WL 5580987 (N.D. Fla. Sept. 26, 2019), *report and recommendation adopted*, 2019 WL 5580232 (N.D. Fla. Oct. 29, 2019).

remaining grounds for relief states a plausible constitutional violation in the setting of his Florida PPRD and next parole interview.

Because Walker's second amended petition raises no issue of federal constitutional dimension, the petition should be denied. *See, e.g., Hunter*, 674 F.2d at 848 (district court properly dismissed prisoner's § 2254 petition claiming that Florida Parole and Probation Commission violated due process by improperly calculating prisoner's PPRD); *Slocum*, 678 F.2d at 941 (district court properly dismissed federal habeas petition claiming that Georgia parole board denied prisoner due process by considering erroneous information in denying parole); *see also, e.g., Walker v. Fla. Parole Comm'n*, No. 4:10-cv-117-MP-WCS, 2010 WL 2572620 (N.D. Fla. June 1, 2010) (summarily denying, prior to service, Walker's habeas petition challenging—on due process grounds—the Commission's initial setting of his PPRD in 2004), *report and recommendation adopted*, 2010 WL 2572616 (N.D. Fla. June 22, 2010); *Rodriguez v. Fla. Parole Comm'n*, No. 3:09-cv-79-LC/CJK,

---

Also, in 2015 Walker challenged the 2014 disciplinary conviction in a federal habeas action. *See Walker v. Fla. Dep't of Corr.*, No. 5:15-cv-25-MW/EMT. This District Court dismissed the petition as moot and, alternatively, denied the petition because Walker failed to demonstrate that the DR implicated a constitutionally protected liberty interest. *See Walker v. Fla. Dep't of Corr.*, 2016 WL 1426011 (N.D. Fla. Mar. 18, 2016), *report and recommendation adopted*, 2016 WL 1436672 (N.D. Fla. Apr. 10, 2016), *certificate of appealability denied*, No. 16-12674-B (11th Cir. Dec. 5, 2016).

2011 WL 7068984 (N.D. Fla. Dec. 5, 2011) (dismissing habeas petition challenging—on due process grounds—the Commission's setting of prisoner's PPRD because petition failed to state a plausible basis for federal habeas relief), *report and recommendation adopted*, 2012 WL 170878 (N.D. Fla. Jan. 20, 2012).

### IV.  A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003)). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Walker's second amended petition for writ of habeas corpus, Doc. 12, be **DENIED**.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City, Florida, this 9th day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**